**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| PATRIECE J., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. CBD-19-2704** |
| | ) | |
| ANDREW SAUL, | ) | |
| | ) | |
| **Commissioner,** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

Patriece J. ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Administrative Law Judge ("ALJ") denied Plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA") and for Supplemental Security Income Benefits ("SSI") under Title XVI of the SSA. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"), ECF No. 13, Plaintiff's Alternative Motion for Remand, ECF No. 13, ("Plaintiff's Alternative Motion"), and Defendant's Motion for Summary Judgment ("Defendant's Motion"), ECF No. 15. The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md.). For the reasons presented below, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Defendant's Motion, **GRANTS** Plaintiff's Alternative Motion, and **REMANDS** the ALJ's decision pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. A separate order will issue.

## I.      Procedural Background

On August 31, 2016, Plaintiff filed for DIB and SSI under Titles II and XVI of the SSA, alleging disability beginning January 1, 2016.  R. 80-81, 90-91, 100, 101, 249.  Plaintiff alleged disability due to major depressive disorder and anxiety disorder.  R. 80, 90, 102.  Plaintiff's claims were initially denied on November 2, 2016, and upon reconsideration on February 27, 2017.  R. 38, 147.  An administrative hearing was held on August 23, 2018.  R. 30.  On October 22, 2018, Plaintiff's claims for DIB and SSI were denied.  R. 40.  Plaintiff sought review by the Appeals Council, which concluded on May 28, 2019, that there was no basis for granting the request for review.  R. 9.  Plaintiff subsequently filed an appeal with this Court.  ECF No. 1.

## II.     Standard of Review

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g) (2019). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law.  *Id.* ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).  "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002).  Substantial evidence is "more than a mere scintilla."  *Russell*, 440 F. App'x at 164.  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*. (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d at 1456

(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § [405(g)] precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'").  The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts.  *Hays*, 907 F.2d at 1456 (citations omitted).  If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Commissioner shall find a person legally disabled under Title II and Title XVI if she is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. §§ 404.1505(a), 416.905(a) (2012).  The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i)(2012).  If he is doing such activity, he is not disabled.  If he is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [404.1509/416.909] or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2012). If he does not have such impairment or combination of impairments, he is not disabled. If he does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (2012). If he does have such impairment, he is disabled. If he does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv) (2012). If he can perform such work, he is not disabled. If he cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v) (2012). If he can perform other work, he is not disabled. If he cannot, he is disabled.

Plaintiff has the burden to prove that she is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. §§ 404.1545(b)-(c), 416.945(b)-(c). In making this assessment, the ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (citing *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *see also* 20 C.F.R. §§ 404.1545(a), 416.945 (a). The ALJ must present a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)," and must then "explain

how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *See Thomas*, 916 F.3d at 311; SSR 96-8p, 1996 WL 374184 at *7 (S.S.A. July 2, 1996). "Once the ALJ has completed the function-by-function analysis, the ALJ can make a finding as to the claimant's RFC." *Thomas*, 916 F.3d at 311. "Ultimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). "[R]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (citing *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)).

## III.   Analysis

The ALJ evaluated Plaintiff's claim using the five-step sequential evaluation process. R. 32-40. At step one, the ALJ determined that Plaintiff has engaged in substantial gainful activity from January 2016 to June of 2016. R. 33. However, the ALJ found that there has been a continuous twelve-month period during which Plaintiff did not engage in substantial gainful activity. *Id.* Thus, the ALJ addressed the time frames for which Plaintiff did not engage in substantial gainful activity. *Id.* At step two, under 20 C.F.R. § 404.1520(c) and § 416.920(c), the ALJ determined that Plaintiff had the following severe impairments: major depressive order, post-traumatic stress disorder, and anxiety. *Id.* The ALJ stated that the listed impairments were severe because they "significantly limit[ed] the [Plaintiff's] ability to perform basic work activities." *Id.* The ALJ also noted that Plaintiff suffered from obesity. However, the ALJ considered Plaintiff's obesity non-severe, as only conservative treatment was recommended, and

also stated that Plaintiff's obesity does not cause "more than minimal work-related restrictions." *Id.* At step three, the ALJ determined Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." *Id.* The ALJ also found that Plaintiff has no limitation in understanding, remembering or applying information; a mild limitation with interacting with others, a moderate limitation with concentrating, persisting, or maintaining pace; and no limitation with her ability to adapt or manage herself. R. 34. Before turning to step four, the ALJ determined that Plaintiff had the RFC to perform "a full range of work at all exertional levels . . . but is limited to simple, routine tasks, frequent interaction with the general public or supervisors while being on task ninety-five percent of the workday." *Id.*

At step four, the ALJ determined Plaintiff is unable to perform any past relevant work. R. 38. At step five, with the benefit of a Vocational Expert ("VE"), the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: dining room attendant, router, and inspection grader. R. 39. The ALJ found that Plaintiff has not been under a disability, as defined in the SSA. R. 40.

On appeal, Plaintiff argues that the Court should reverse the final decision of the ALJ, or in the alternative, remand the case to the Commissioner for further proceedings, alleging that Defendant's final decision is not supported by substantial evidence. Pl.'s Mem. in Supp. of Pl.'s Mot. 3, ECF No. 13–1. For the reasons set forth below, the Court **REVERSES** the ALJ's decision and **REMANDS** the matter for further proceedings.

Plaintiff avers that the ALJ erroneously assessed Plaintiff's RFC because she failed to conduct a function-by-function assessment of her ability to perform the mental demands of her work and "the ALJ did not explain her finding that Plaintiff can be on task ninety-five percent of the eight-hour workday."  Pl.'s Mem. in Supp. of Pl.'s Mot. 8–13.  Defendant contends that "a precise mathematical formula for translating the evidence into a specific percentage of time off task," is not required.  Def.'s Mem. in Supp. of Def.'s Mot. 6, ECF No. 15–1.  The Court agrees with Plaintiff.

Generally, the Court will affirm the Social Security Administration's disability determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.  *Woods v. Berryhill*, 888 F.3d 686, 691 (4th Cir. 2018) (citing *Mascio*, 780 F.3d at 634).  But when performing an RFC assessment, the ALJ must provide a narrative discussion with the RFC assessment describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence.  SSR 96-8p, 1996 WL 374184, at *7 (S.S.A.).  "In other words, the ALJ must *both* identify evidence that supports his conclusion *and* 'build an accurate logical bridge from [that] evidence to his conclusion.'"  *Woods*, 888 F.3d at 694 (emphasis in original).  A proper RFC analysis has three components: (1) evidence; (2) logical explanation; and (3) conclusion.  *Thomas*, 916 F.3d at 311.  The ALJ's logical explanation is just as important as the other two.  *Id*.  Without a proper narrative discussion from the ALJ, it is impossible for the Court to determine whether the decision was based on substantial evidence.  *Geblaoui v. Berryhill*, No. CBD-17-1229, 2018 WL 3049223, at *3 (D. Md. June 20, 2018) (citing *Jones v. Astrue*, No. SKG-09-1683, 2011 WL 5833638, at *14 (D. Md. Nov. 18, 2011)).  "F.3d at 189 (citing *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)).

In the narrative discussion pertaining to the RFC analysis, the ALJ discussed Plaintiff's mental health impairments.  R. 35-38.  The ALJ considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, including opinion evidence.  R. 35.  The ALJ discussed Plaintiff's testimony in which Plaintiff testified *inter alia* that "she experiences panic attacks almost every day and they require her to find a quiet place to close her eyes and listen to music."  *Id.*  Additionally, Plaintiff stated "it can take up to fifteen minutes for her to calm down after a panic attack and that she has to spend the rest of the day in a peaceful or calm environment to avoid additional panic attacks."  R. 36.  Further, Plaintiff alleged that "she spends fifty percent of her day isolating herself."  *Id.*  The ALJ then found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however, Plaintiff's statements concerning the severity, intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical records and evidence.  *Id.*  The ALJ discussed that Plaintiff has treated her mental impairments with conservative treatment such as therapy and medication. *Id.*  Further, the ALJ pointed to medical records that stated Plaintiff was not medication compliant.  *Id.*  As a result, the ALJ made her findings and stated:

> The [Plaintiff] alleges that she has trouble following instructions and finishing what she starts.  Therefore, I find that she is capable of performing simple, routine tasks.  The [Plaintiff] alleges that she has trouble getting along with family, friends, neighbors, and authority figures.  Accordingly, I find that she can frequently interact with the public and supervisors.  The [Plaintiff] also relayed that she has trouble with her concentration. Therefore, I find that she is able to remain on task for ninety-five percent of an eight-hour workday.

R. 36.  Although the ALJ considered Plaintiff's testimony, and pointed to reasons that Plaintiff is not entitled to a more restrictive RFC throughout her RFC analysis, such as: Plaintiff's ability to have a boyfriend, Plaintiff referencing that she made a new friend, and Plaintiff's ability to take

her children to multiple activities - - the ALJ failed to provide a narrative discussion with the RFC assessment describing how she concluded that Plaintiff would be off task 5% of the time. *See Walters v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-16-415, 2017 WL 211491, at *3 (D. Md. Jan. 18, 2017) (where the Court found remand was necessary because "the ALJ failed to explain how [the ALJ's] findings translate into a determination that [the defendant] would be off task 10% of the time."

As mentioned previously, each limitation in Plaintiff's RFC requires an explanation of what evidence the ALJ used, to reach her conclusion. SSR 96-8p, 1996 WL 374184 at *7 (emphasis added). Additionally, the ALJ must provide the logical explanation required to bridge the gap between the evidence and the conclusion. *See Thomas*, 916 F.3d at 311 ("[M]eaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion"). Here, the ALJ simply did not point to any medical evidence when making this conclusion, nor state how Plaintiff had the ability to work for ninety-five percent of an eight-hour day. To the contrary, Plaintiff offered testimony suggesting she may be off-task far more than ninety-five percent of an eight-hour workday. Specifically, she testified to having "panic attacks almost every day," and "it can take up to fifteen minutes for her to calm down after a panic attack and that she has to spend the rest of the day in a peaceful or calm environment to avoid additional panic attacks." R. 35-36.

Without an adequate narrative discussion explaining how the ALJ arrived at her conclusion, the Court is left to speculate what specific evidence the ALJ used to support her conclusion. Moreover, the Court cannot ascertain whether the ALJ used substantial evidence to properly conclude her findings. Since the Court cannot ascertain how the ALJ concluded that Plaintiff would be off task 5% of the time, remand is necessary.

On remand, "the ALJ should consider the impact of [Plaintiff's] limitations on the RFC determination, and explain the reasons for that finding, citing substantial evidence." *Walters*, 2017 WL 211491, at *3.  Additionally, the ALJ should use substantial evidence to support her findings as to how long Plaintiff would be off task.  In remanding this case, the Court expresses no opinion as to whether the ALJ's ultimate decision that Plaintiff was not disabled is correct or incorrect.  *See Parker v. Comm'r, Soc. Sec.*, No. ELH-16-2607, 2017 WL 679211, at *4 (D. Md. Feb. 21, 2017).

**IV.    Conclusion**

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Commissioner's Motion, **GRANTS** Plaintiff's Alternative Motion and **REMANDS** this matter for further proceedings.

January 12, 2021

_____/s/_____

Charles B. Day
United States Magistrate Judge

CBD/pjkm